UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

ROGER DAVIDSON,

       Plaintiff,

                – against –

NORTH SHORE L.I.J.

       Defendant.

----------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
10-CV-3639 (JFB)(ETB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Plaintiff Roger Davidson ("plaintiff") filed the complaint in the instant action on August 9, 2010 against his former employer, North Shore L.I.J. ("defendant"), alleging Title VII employment discrimination. Specifically, plaintiff claims that on April 1, 2009, a white nurse screamed at him about a patient. Plaintiff claims that if he "had screamed on the like that, [he] would have been fired." (Compl. ¶ 8.)

On August 12, 2011, defendant filed a motion to compel plaintiff to respond to defendant's discovery requests. In the motion, defendant recounts its numerous attempts to resolve the issue prior to filing the motion to compel. For example, on July 11, 2011, plaintiff confirmed by telephone that he would respond to defendant's document requests and interrogatories by July 25, 2011. Defendant confirmed the conversation with plaintiff by letter dated July 12, 2011. On July 28, 2011, having not received any materials from plaintiff,

1

defendant sent another letter requesting compliance. On July 29, 2011, plaintiff left a voicemail message with defendant stating that he had no intention of responding to the discovery demands. On September 12, 2011, Magistrate Judge Boyle granted the defendant's motion to compel, directing compliance within ten days. On October 27, 2011, defendant filed a letter requesting an extension of time to complete discovery because plaintiff had refused to comply with the Court's September 12, 2011 Order. Additionally, on October 27, 2011, defendant filed a motion to strike plaintiff's pleadings and dismiss the complaint for failure to prosecute. The plaintiff failed to respond to that motion, which led the Court to issue an Order to Show Cause on November 16, 2011, directing plaintiff to show cause in writing, no later than November 30, 2011, why the relief requested in defendant's motion - dismissal with prejudice - should not be granted. Plaintiff failed to respond to that show cause order, and has continued to fail to respond to defendant's discovery demands.

On December 8, 2011, Magistrate Judge Boyle issued a report and recommendation (the "R&R") that the matter be dismissed for failure to prosecute, pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure. The R&R instructed plaintiff to submit any objection within fourteen days. Plaintiff did not file any objection. For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the instant action with prejudice pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings

contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had

> notice that such conduct would result in dismissal; 3) whether prejudice to the
> defendant is likely to result; 4) whether the court balanced its interest in managing
> its docket against plaintiff's interest in receiving an opportunity to be heard; and
> 5) whether the court adequately considered the efficacy of a sanction less
> draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff has repeatedly, over the course of several months, refused to respond to defendant's discovery requests. Plaintiff refused to comply with the Court's September 12, 2011 Order to compel discovery. Plaintiff did not respond to defendant's motion to strike plaintiff's pleadings and dismiss the complaint for failure to prosecute. Plaintiff did not respond to the Court's November 16, 2011 show cause order, directing plaintiff to show cause in writing, no later than November 30, 2011, why the relief requested in defendant's motion - dismissal with prejudice - should not be granted.

Moreover, more than five months have passed since plaintiff was advised to file objections to Magistrate Judge Boyle's R&R, and plaintiff was advised in the R&R that his failure to file objections would waive the right to appeal the dismissal. Despite that warning, plaintiff filed no objection. Thus, plaintiff has shown no interest in continuing with this action.

4

Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

JOSEPH E. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2012
Central Islip, New York